# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JAMES E. OLIPHANT                                                    PLAINTIFF

v.                              No. 3:18-cv-33-DPM

FCA US LLC, formerly known as
Chrysler Group LLC                                                   DEFENDANT

## ORDER

Oliphant was driving his 2005 Dodge Ram pickup truck in West Memphis when it lost power and stalled. Another car hit him. He was badly injured. This happened in March 2012. Some three years and few months later, in June 2015, Chrysler issued a recall notice covering Oliphant's pickup. The rear axle pinion nut in 2005 Dodge Rams might have been installed without an adhesive patch, and without that patch a truck could lose power without warning. Oliphant learned about the recall notice several months after it was issued. He filed this case in January 2018, more than two years after he learned about the recall. He alleges various torts that boil down to Chrysler's fault, or allowing a defect, in the manufacture of Oliphant's truck. The parties agree that Arkansas's three-year statute of limitations applies. The complaint and the calendar show that Oliphant's claim is late. The deep issue is whether Chrysler fraudulently concealed the problem with the rear axle, which would toll the limitation period.

Oliphant pleads that Chrysler fraudulently concealed information about 2005 Dodge Rams. This is not a separate claim, though, it is a defense to the applicable statute of limitations. Because the parties agree on the limitation period, and the complaint looks late, the burden is on Oliphant to show concealment. *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 901, 935 S.W.2d 258, 261 (1996). The problem is his allegations here are general conclusions rather than specific facts. He must plead, and eventually prove, a clear act of fraud that was "furtively planned" and "secretly executed" to his detriment. *First Pyramid Life Ins. Co. of America v. Stoltz*, 311 Ark. 313, 319, 843 S.W.2d 842, 845 (1992). At this point, he must plead particulars about who, what, when, and how that make a plausible allegation.

\* \* \*

Motion to dismiss, № 10, granted as modified: Oliphant is entitled to re-plead and try to fill these gaps. Oliphant must file an amended complaint by 5 October 2018.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

17 September 2018