IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES E. OLIPHANT                                              PLAINTIFF

v.                       No. 3:18-cv-33-DPM

FCA US LLC, formerly known as
Chrysler Group LLC                                             DEFENDANT

## ORDER

Oliphant claims that his 2005 Dodge RAM pickup truck lost power in an intersection while he was making a left turn, causing a wreck in 2012. There was a problem in some trucks like his. In 2015, Chrysler issued a recall notice. It said:

> Chrysler has decided that a defect, which relates to motor vehicle safety, exists in certain **2005 model year Dodge RAM trucks.**
>
> *The problem is . . .*
>
> **The rear axle pinion nut on your truck may have been built without an adhesive patch on the pinion nut threads. The lack of this adhesive patch could allow the rear axle pinion nut to loosen and/or the rear driveshaft to separate from the rear axle. A loose pinion nut could cause the rear axle to seize and a separated driveshaft could cause a loss of motive power. Either situation could cause a crash without warning.**

№ 29-1 at 6. Also in 2015, Chrysler agreed to related consent orders from the National Highway Safety Administration. Among other violations, the company admitted that it had "failed to timely notify vehicle owners of the existence of a defect . . . ." № 37-1 at 5. In this case, Oliphant claims that Chrysler negligently and defectively designed his pickup, is strictly liable for manufacturing a defective product, and failed to warn him promptly about the defect involving the rear axle pinion nut. He also pleads fraudulent concealment to avoid a limitations bar. Chrysler seeks summary judgment, arguing mainly that Oliphant has insufficient proof that his truck actually had a defective part. *St. Jude Medical, Inc. v. Lifecare International, Inc.*, 250 F.3d 587, 595 (8th Cir. 2001). Oliphant points to the recall notice, the consent orders, and his affidavit, which (echoing the notice) says his pickup lost power right before the wreck.

Defect is the root issue. Oliphant's pickup was sold for salvage after the wreck. He has no expert testimony about the pinion nut on his pickup's rear axle. Chrysler offers an affidavit from an in-house engineer familiar with this mechanical problem. He says some, but not all, 2005 RAMs had this defect. And "whether the rear axle pinion nut loosened and either caused the rear axle to seize or the driveshaft to separate can only be determined by a physical inspection of the RAM." № 29-1 at 2. The engineer also explains various ways that a vehicle could be tested to figure things out. Neither he nor anyone has done

those inspections on Oliphant's pickup. No one can do it now because the vehicle no longer exists.

Oliphant's lack of expert testimony knocks a hole in his case. The general rule is that a plaintiff must have this kind of proof on product claims. *Lakeview Country Club, Inc. v. Superior Products*, 325 Ark. 218, 223–24, 926 S.W.2d 428, 431 (1996); *Yielding v. Chrysler Motor Co., Inc.*, 301 Ark. 271, 274–76, 783 S.W.2d 353, 355–56 (1990). There's a *res ipsa loquitur*-like exception: If common experience teaches that no accident would have happened absent some defect, then a plaintiff can get to the jury without an expert. *E.g., Higgins v. General Motors Corporation*, 287 Ark. 390, 392, 699 S.W.2d 741, 743 (1985). But this exception is narrow, and to take advantage of it, Oliphant must produce solid evidence rebutting other causes. Oliphant's affidavit about the wreck gains some ground here. But he doesn't purport to be an engineer, and similar testimony in the other Arkansas cases involving vehicles and sudden accidents didn't suffice to create a jury issue. *Yielding*, 301 Ark. at 274–76, 783 S.W.2d at 355–56; *Williams v. Smart Chevrolet Co.*, 292 Ark. 376, 380–82, 730 S.W.2d 479, 481–82 (1987); *Higgins*, 287 Ark. at 393, 699 S.W.2d at 743; *Mixon v. Chrysler Corporation*, 281 Ark. 202, 205–06, 663 S.W.2d 713, 714–15 (1984). The recall notice and consent orders support Oliphant's defect claims. All of this, though, does not fill the hole. There's no evidence that every recalled RAM had a defective rear axle pinion nut; there's no evidence that most of them did. Taking the

record, especially the recall notice and consent orders, in the light most favorable to Oliphant, the most that can be reasonably concluded is that his pickup may have had a defective rear axle pinion nut. Without vehicle-specific evidence that it did, the jury would be left to guess between the possibility that it did and the possibility that it didn't. Driver error remains a possible explanation for the wreck, too. *E.g., Yielding*, 301 Ark. at 275, 783 S.W.2d at 355. A guess between possibilities can't support a verdict. *Mixon*, 281 Ark. at 205, 663 S.W.2d at 714. Oliphant's defective design/negligence and strict liability claims therefore fail as a matter of law.

What about his warnings claim? Chrysler had a duty to warn Oliphant about foreseeable risks involving his pickup. *Ethyl Corporation v. Johnson*, 345 Ark. 476, 481–84, 49 S.W.3d 644, 648–50 (2001). We know from the 2015 consent order that the company had, by that point, failed to give its consumers timely notice of the problem with some of these trucks. Arkansas presumes that consumers heed clear warnings; and there's no evidence that Oliphant would have ignored one. *Compare Bushong v. Garman Co.*, 311 Ark. 228, 233–34, 843 S.W.2d 807, 810–11 (1992). Oliphant's truck was a 2005 model. His wreck happened in 2012. The record is unclear exactly when Chrysler had enough information to make problems from the defect foreseeable, but it was some time before the NATSA's 2015 consent order. For purposes of the current motion, the Court assumes that Chrysler had a

duty to warn Oliphant about potential problems at some point before his 2012 wreck. It didn't. The dispositive issue thus becomes whether Chrysler's failure to warn was a proximate cause of this wreck. *Yielding*, 301 Ark. at 274, 783 S.W.2d at 355. We're back to defect. Unless the rear axle pinion nut on Oliphant's pickup was defective, the lack of a warning wasn't a proximate cause of his wreck. Causation is usually for the jury, but becomes a question of law in certain circumstances. *Lovell v. Brock*, 330 Ark. 206, 215, 952 S.W.2d 161, 166 (1997). Without proof sufficient to support a verdict about a defect in this pickup truck, Oliphant's no-warnings claim fails for lack of proof about causation. *Chandler v. Wal-Mart Stores Inc.*, 2016 Ark. App. 372, at 12–13, 498 S.W.3d 766, 772.

* * *

Chrysler's motion for summary judgment, № 29, is granted. Oliphant's motion, № 30, to strike the in-house expert's second affdavit—which attached the police report about Oliphant's wreck and his unsworn statement to his insurance company's adjuster—is denied as moot. The Court didn't consider the challenged affidavit or its attachments in addressing Chrysler's motion for judgment as a matter of law. FCA's motion to extend the discovery deadline, № 41, is also denied as moot.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

12 April 2019